IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bernard McFadden, | ) | Civil Action No.: 3:09-2927-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Simon Major, Director of Sumter-Lee | ) | |
| Regional Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Petitioner Bernard McFadden's ("Petitioner") Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey. This matter is before the Court upon the *pro se* Petitioner's Petition for Writ of Habeas Corpus seeking an order to compel his attorney to file a motion in state court for bond reconsideration, and requesting that this Court order his attorney to provide copies of certain documents to Petitioner. The Petitioner also filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.

## Procedural History

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge issued an R&R on December 10, 2009. In the R&R, the Magistrate Judge recommends that this Court deny the motion to proceed *in forma pauperis* and that the Petitioner be given fifteen (15) days from the date this Court rules on the R&R to pay the filing fee. The Magistrate Judge further recommends that, if the Petitioner fails to pay the filing fee, the "complaint be dismissed without prejudice under the 'three strikes' rule of 28 U.S.C. § 1915(g)." The Petitioner filed timely objections to the R&R, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

In his R&R, the Magistrate Judge recommends that the motion to proceed *in forma pauperis* be denied, and if "Plaintiff fails to timely pay the filing fee . . . that the complaint be dismissed without prejudice under the 'three strikes' rule of 28 U.S.C. § 1915(g)." [R&R, p.3]   In his Objections, the Petitioner points out that he is not a "Plaintiff" and has filed no complaint.  In what the Petitioner has labeled as his first objection, the Petitioner asserts that "[b]ecause this is a Writ of Habeas Corpus application seeking release from custody, and not a civil rights complaint seeking monetary damages, the (3) strike rule does not apply." [Objections, p.1].  Thus, the central issue in the instant matter is whether the "three strikes" rule applies to the Petitioner.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g) and part of the Prison Litigation Reform Act ("PLRA"), was enacted to bar prisoners who have filed prior frivolous litigation in a federal court from pursuing certain types of federal civil litigation without prepayment of the filing fee.  However, the Fourth Circuit has held that the *in forma pauperis* filing fee provisions of the PLRA do not apply to habeas corpus proceedings. *Smith v. Angelone,* 111 F.3d 1126, 1131 (4th Cir. 1997).  As Judge Posner has pointed out, applying the PLRA provisions, specifically the "three strikes" rule, to habeas actions would "block [habeas] access to any prisoner who had filed three

groundless civil suits and was unable to pay the full appellate filing fee . . . . This result would be contrary to a long tradition of ready access of prisoners to federal habeas corpus, as distinct from their access to tort remedies." *Id.* (citing *Martin v. United States,* 96 F.3d 853, 856 (7th Cir. 1996)).

To determine whether a proceeding is a habeas action, the Court "must look to the substance of the remedy sought, not the labels attached to the claim." *O'Brien v. Moore,* 395 F.3d 499, 504 (4th Cir. 2005). A "habeas corpus proceeding is specifically designed to protect individual liberty and redress unlawful detention." *Id.* at 505. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973); *see also Murray v. Giarratano,* 492 U.S. 1, 13 (1989) (O'Connor, J., concurring) (noting that habeas corpus is a civil proceeding designed to overturn a presumptively valid criminal judgment); *cf. Smith,* 111 F.3d at 1130 (noting that habeas actions are a unique hybrid of civil and criminal aspects). As such, a habeas action is a civil proceeding where someone's custody, rather than mere civil liability, is at stake. *See O'Neal v. McAninch,* 513 U.S. 432, 440 (1995).

In the instant matter, in which the Petition is styled as a "Petition for Writ of Habeas Corpus," the Petitioner is not seeking monetary damages based on civil liability. Specifically, the Petitioner prays this Court to order "the Petitioner's attorney to file for a bond reconsideration in light of having absolutely no evidence in both burglary cases and in light of manipulating both bonds in both burglary cases <u>so he may be allowed to go free</u>." [Petition, p.4]. The Magistrate Judge's findings and recommendations appear to hinge on the fact that he treats the Petitioner as a plaintiff and the Petition as a complaint.

In what the Petitioner labels as his second objection, he apparently argues that this Court earlier erred in concluding that *Heck v. Humphrey,* 512 U.S. 477 (1994) applied to the Petitioner's claims in another case, *McFadden v. Allen,* No. 3:05-887-RBH (D.S.C. Nov. 29, 2005); and, therefore, the dismissal of *McFadden* should not be counted as one of the Petitioner's "strikes" for

3

purposes of the "three strikes" rule. Nonetheless, this Court notes that the Fourth Circuit Court of Appeals has already addressed the Petitioner's argument that "Heck vs. Humphrey did not apply to McFadden vs. Allen" [Objections, p.3] and affirmed this Court's Order "on the basis that this action is precluded by *Heck v. Humphrey,* 512 U.S. 477 (1994)." *See McFadden v. Allen,* 193 Fed.Appx. 251, 2006 WL 2226561, at *1 (4th Cir. Aug. 4, 2006) (per curiam).

In essence, the Petitioner is asking this Court to intervene in a pending state court proceeding and order his attorney to file a motion in state court for bond reconsideration among other things. He has directed his pleading, not against the attorney, but against the detention center where he is detained and captioned it as a "Petition for Writ of Habeas Corpus."

However, regardless of the applicability of the "three strikes" rule, the abstention doctrine may apply here. The Magistrate Judge should reconsider the abstention doctrine and the application of the "three strikes" rule. Therefore, this matter is recommitted to the Magistrate Judge for further review in light of the above.

## Conclusion

Based on the foregoing, it is

**ORDERED** that the matter is **RECOMMITTED** for further review.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 14, 2010

4