IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Bernard McFadden, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:09-2927-JMC -JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Simon Major, Director of | ) | |
| Sumter-Lee Regional Detention | ) | |
| Center, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

*Pro se* Petitioner, Bernard McFadden ("McFadden"), is a pretrial detainee at the Sumter-Lee Regional Detention Center having been charged in Sumter County in two burglary warrants. He filed a "Petition for Writ of Habeas Corpus" on November 6, 2009. Because the relief sought was not release from confinement, but an order requiring his attorney to file a motion for bond reduction in the Court of General Sessions, the case was docketed as an action pursuant to 42 U.S.C. § 1983. On December 9, 2009, the undersigned entered a Report and Recommendation that the case be dismissed without service of process unless McFadden paid the filing fee because he had "struck-out" under the provisions of 28 U.S.C. § 1915(g). McFadden filed an objection, and on January 14, 2010, the Honorable R. Bryan Harwell,[1] United States District Judge, remanded this matter to the undersigned

---

[1] The case has been reassigned to the Honorable J. Michelle Childs, United States District Judge.

1

for reconsideration of "the abstention doctrine and application of the 'three strikes' rule."

Upon remand the undersigned issued an order authorizing service of process. Respondent filed an Answer and Motion to Dismiss on April 26, 2010. Because McFadden is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered by the Court on April 28, 2010, advising him of his responsibility to respond to the motion to dismiss. In response, McFadden filed a "Motion for Order of Clarification" and "Motion to Amend" on May 17, 2010, and a response to the motion to dismiss on May 21, 2010. Respondent filed an opposition to McFadden's motion to amend on June 3, 2010.

### 1. Motion for Clarification

After this case was remanded to the undersigned, an order authorizing service of process was issued treating the case as a § 2241 petition and requiring service of the Attorney General of South Carolina pursuant to Habeas Rule 4. The Attorney General did not file a response. Instead, the law firm of Davidson, Morrison and Lindemann filed the Answer and Motion to Dismiss. McFadden seeks an order seeking clarification of who is to represent the Respondent and file a return in this case.

The Attorney General traditionally represents respondents in cases brought by prisoners who are challenging the constitutionality of their convictions pursuant to 28 U.S.C. § 2254. This is not always the case in habeas petitions filed under § 2241. Frequently, the State employs private attorneys to defend such actions. Apparently the Attorney General elected to have the Respondent in this case represented by outside counsel. The requirement that the Attorney General be served with a § 2241 petition does not necessarily mean that the Attorney General will ultimately represent

the Respondent.[2]

**2. Motion to Dismiss**

Respondent asserts several bases for dismissal of the action, some of which appear to be the result of the confusion about whether this is a § 2241 petition for writ of habeas corpus or a civil rights complaint seeking injunctive relief under § 1983.[3] However, two of Respondent's arguments are pertinent whether this case is considered under § 2241 or § 1983.

a. Mootness

Respondent argues that the petition should be dismissed as moot because McFadden has been granted the relief he requested in the petition. McFadden concedes that this is true in his motion to amend.

McFadden was arrested on two burglary warrants. A secured bond of $25,000 was set on the first, and a secured bond of $10,000 was set on the second. However, according to McFadden, due to improper acts of the investigating officer, the $10,000 bond was raised to $50,000. In the original petition, McFadden sought an order compelling his attorney to file a motion for bond reconsideration. Since the filing of the petition, defense counsel filed the motion and the Court of General Sessions lowered the $50,000 bond to the original amount of $10,000.[4] Therefore, the relief sought in the original petition has been granted and the petition should be dismissed as moot.

---

[2]Hopefully, this clarification is sufficient for McFadden. His motion for clarification will be granted by separate order.

[3]McFadden contributes to this confusion in his pleadings. For instance, in his memorandum in opposition to the motion to dismiss he speaks of obtaining an injunction based on his belief that he will suffer an irreparable injury if his bound is not modified.

[4]*See* McFadden's affidavit attached to his response to the motion to dismiss.

b. Abstention

Respondent also argues that the abstention doctrine requires dismissal of the petition. In Younger v. Harris, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. Younger v. Harris, 401 U.S. 37 (1971). *See also* Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir.1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44.

From Younger and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir.1994) (citing Middlesex County Ethics Comm. 'n v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

The record is clear that there are ongoing state criminal proceedings against McFadden which implicate important state interest, i.e., insuring his appearance at trial. It is also clear that he had, and has, adequate opportunity to raise his federal claims in state court. This opportunity was manifest when he appeared with counsel in General Sessions Court and was granted the bond reduction he sought. Therefore, the petition is likewise subject to dismissal under the abstention doctrine.[5]

---

[5]The abstention doctrine applies to actions filed under § 2241 as well as § 1983. *See* Taylor v. Janes, 2010 WL 2720714 (N.D. W.Va.) (applying the Younger abstention doctrine to a § 2241 petition) and Burris v. Crosby, 2010 WL 60906 (D.S.C.) (applying Younger abstention doctrine to a § 1983 excessive bail case).

4

### 3. Motion to Amend

As noted above, McFadden concedes in his motion to amend that he has obtained the relief sought in his original petition, i.e., requiring his attorney to file a motion for bond consideration. McFadden seeks to add a new claim for relief, i.e., "an order directing the S.C. Attorney General's Office to conduct a hearing into Detective Robert Richburg's alleged vindictive bond manipulations." Additionally, McFadden seeks to have his $10,000 bond (i.e., the $50,000 bond that was reduced to $10,000) run concurrently with his $25,000 bond.

The Federal Rules of Civil Procedure are generally applicable in habeas actions. *See* Habeas Rule 12. Under Rule 15(a)(1) of the Federal Rules, "[a] party may amend its pleading once as a matter of course within 21 days of serving it, or ... 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." According to Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although Rule 15(a) mandates that leave to amend pleadings should be granted freely where justice requires, "[m]otions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir.1991). Leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. *See* Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir.1986).

McFadden's motion to amend his petition should be denied because his proposed amendment would be futile. The abstention doctrine discussed above would apply equally to the proposed amendment.

## Conclusion

After reviewing the record, the undersigned recommends that the petition in this case be **dismissed** because Petitioner has received the relief he seeks. Further, this Court should use its discretion to dismiss the Petition under the Younger abstention doctrine. Petitioner's motion to amend should be **denied** because the proposed amendment would be futile as the new claim would likewise be subject to the abstention doctrine.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

January 14, 2011

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).